UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**BLONG XIONG,**                                                      Civil No. 07-4197 (DWF/SRN)

          **Petitioner,**

    v.                                                                    **REPORT AND RECOMMENDATION**

**STATE OF MINNESOTA,**

          **Respondent.**

---

    Blong Xiong, pro se, Prairie Correctional Facility, P.O. Box 500, Appleton, Minnesota 56208

    Mark Lystig, Esq., Assistant Ramsey County Attorney, 50 West Kellogg Blvd., Suite 315, St. Paul, Minnesota 55102

---

SUSAN RICHARD NELSON, United States Magistrate Judge

    The above-entitled matter comes before the undersigned United States Magistrate Judge on Petitioner Blong Xiong's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) and Motion for an Extension of Time to File Reply (Doc. No. 9). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that the petition be denied and the motion for an extension be granted.

**I.      PROCEDURAL AND FACTUAL BACKGROUND**

    On September 26, 2003, Petitioner Blong Xiong was charged with one count of first-degree criminal sexual conduct and one count of first-degree criminal sexual conduct committed for the benefit of a gang. A jury found Petitioner guilty of both offenses on August 6, 2004. Petitioner was sentenced on September 16, 2004, to 156 months imprisonment on his conviction

for first-degree criminal sexual conduct committed for the benefit of a gang. The Minnesota Court of Appeals affirmed the conviction on March 21, 2006, and the Minnesota Supreme Court denied review on May 24, 2006.

Petitioner filed for post-conviction relief in the state district court on February 12, 2007. The court vacated Petitioner's conviction for first-degree criminal sexual conduct, but denied his other claims. Petitioner filed two other petitions for post-conviction relief, both of which were denied in their entirety.

Petitioner filed the instant habeas petition on October 9, 2007, claiming (1) he was charged with two crimes in violation of double jeopardy; (2) the trial court wrongfully departed upward in sentencing him; (3) the state did not provide the proper chain of custody for certain evidence; and (4) the trial court erred by instructing the jury about Petitioner's failure to testify.

## II.   DISCUSSION

### A.   Procedural Default

Before filing a federal habeas petition, a petitioner must exhaust his state court remedies by fairly presenting his federal constitutional claims to the highest available state court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A federal claim is fairly presented when the petitioner refers "to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) (quoting Myre v. State of Iowa, 53 F.3d 199, 200-01 (8th Cir. 1995) (quoting Kelly v. Trickey, 844 F.2d 557, 558 (8th Cir. 1988))). A federal claim has not been fairly presented to a state court "if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim

in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 32 (2004).

If a petition contains claims that have not been fairly presented, the court must determine if those claims are unexhausted or procedurally defaulted. A claim is unexhausted if the claim has not been fairly presented in one complete round of the state's established appellate review process, O'Sullivan, 526 U.S. at 845, but the petitioner has the right under state law to raise the claim by any available procedure, 28 U.S.C. § 2254(c). A constitutional claim is procedurally defaulted if it has not been fairly presented in the state courts, and the state courts will no longer review it because an independent and adequate state procedural rule precludes further litigation of the claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Under Minnesota law, "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976). There are two exceptions to the Knaffla rule: (1) where a claim is so novel that its legal basis was not reasonably available at the time of direct appeal, or (2) if the defendant did not deliberately or inexcusably fail to raise the issue in the first appeal and fairness requires review. Townsend v. State, 723 N.W.2d 14, 18 (Minn. 2006).

When a claim is procedurally defaulted in state court, the federal habeas court must determine whether the prisoner has demonstrated cause and prejudice for the default, or whether a failure to consider the claim will result in a fundamental miscarriage of justice. McCall, 114 F.3d at 758 (citing Coleman, 501 U.S. at 750.). Prejudice need not be considered where a petitioner has failed to fulfill the cause prong of the test. Id. The miscarriage of justice exception is only available to a petitioner who has demonstrated that a constitutional violation

has probably resulted in the conviction of an innocent person.  Id.  If the exceptions do not apply, the procedural default cannot be excused, and the court will deny the petition without addressing the merits of the claim.  See Carney v. Fabian, 441 F. Supp. 2d 1014, 1029 (D. Minn. 2006).

In the present case, Petitioner has raised four grounds for habeas relief: (1) he was charged with two crimes in violation of double jeopardy; (2) the trial court wrongfully departed upward in sentencing Petitioner; (3) the state did not provide the proper chain of custody for certain evidence; and (4) the trial court erred by instructing the jury about Petitioner's failure to testify.  Petitioner did not raise either the first or the second claim on direct appeal, and thus, he failed to fairly present the claims to the highest state court.  Petitioner did raise the third claim on direct appeal, but he did not refer to any federal law; consequently, he did not present the federal nature of that claim to the highest state court.  The only federal constitutional argument fairly presented by Petitioner was his fourth habeas claim.

The first, second, and third claims are not unexhausted because Petitioner has no right under state law to raise them at this time.  Instead, the claims are procedurally defaulted because Petitioner knew of the facts underlying the claims at the time he directly appealed.  Petitioner is now barred by Knaffla from raising the issues in state court, and neither Knaffla exception applies.  Indeed, Petitioner's first post-conviction motion raised the first two claims, and the state district court found them barred by Knaffla.  This Court may not adjudicate the procedurally defaulted claims on habeas review because Petitioner has shown neither cause and prejudice for the default nor that a fundamental miscarriage of justice would result if the Court does not consider the claims.  Nevertheless, to provide an alternative basis for dismissal, the Court will explain why these three claims also fail on the merits.

**B.     Merits of the Petition**

Habeas relief is available to a state prisoner if "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Anti-Terrorism and Effective Death Penalty Act (AEDPA) limits habeas review to adjudications that:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d).

The United States Supreme Court explained the meanings of the "contrary to" and "unreasonable application" clauses in Williams v. Taylor, 529 U.S. 362 (2000). A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law" or "decides a case differently than th[e] [Supreme] Court has on a set of materially indistinguishable facts." Id. at 412-13. A state court decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "A federal court may not issue the writ simply because it 'concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.'" Lyons v. Luebbers, 403 F.3d 585, 592 (8th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 411 (2000)).

In addition, when reviewing a state court decision, "a federal court . . . presumes that the state court's factual determinations are correct." Lee v. Gammon, 222 F.3d 441, 442 (8th Cir.

2000); see 28 U.S.C. § 2254(e)(1).  This deference applies to factual determinations made by state trial courts and state appellate courts.  <u>Sumner v. Mata</u>, 449 U.S. 539, 547 (1981).  The petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); see <u>Whitehead v. Dormire</u>, 340 F.3d 532, 539 (8th Cir. 2003).

### 1. Whether Petitioner Was Subjected to Double Jeopardy

Petitioner first argues that he was charged with two crimes in violation of the Double Jeopardy Clause.  The United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb[.]"  U.S. Const. amend. V.  The constitutional prohibition against double jeopardy was designed to protect an individual from being subjected to a trial and possible conviction more than once for an alleged offense.  The underlying concept is that the state should not be allowed to make repeated attempts to convict an individual for an alleged offense.  <u>Green v. United States</u>, 355 U.S. 184, 187-88 (1957).

While the Double Jeopardy Clause prohibits multiple prosecutions, that is not what occurred in this case.  Petitioner had only one trial and one sentencing, and there was not a separate sentence imposed on the conviction for criminal sexual conduct in the first degree.  Indeed, this conviction was later vacated by the trial court.  Because Petitioner was not tried multiple times for the same offense, he has not been subjected to double jeopardy, and habeas relief should be denied on this claim.

### 2. Whether the District Court Erred in Sentencing Petitioner

Petitioner next argues that the trial court erred by departing from Minnesota's sentencing guidelines.  Petitioner was convicted of first-degree criminal sexual conduct committed for the

benefit of a gang, under Minn. Stat. § 609.342, subd. 1.  That statute provides for a presumptive sentence of 144 months.  Minn. Stat. § 609.342, subd. 2(b).  When a defendant is sentenced for a crime committed for the benefit of a gang, section II.G. of the Minnesota Sentencing Guidelines requires that an additional term of twelve months be added to the term of imprisonment for the underlying crime, making the presumptive sentence 156 months.

The jury found in Petitioner's case that the crime was committed for the benefit of a gang.  Thus, the trial court added a 12-month term of imprisonment to the 144-month term, in accordance with Minnesota law.  As such, Petitioner's 156-month sentence was not an upward departure, and the calculation of his sentence was not contrary to or an unreasonable application of Supreme Court precedent.

### 3.     Whether the State Established a Proper Chain of Custody

In Petitioner's third claim, he argues that the state failed to establish the necessary chain of custody for DNA evidence introduced at trial.  The critical piece of evidence against Petitioner at trial was a DNA test of semen obtained from the victim's pants.  Following a pretrial hearing on the chain of custody of the evidence, the trial court denied Petitioner's motion to exclude the DNA test results.  At trial, the Bureau of Criminal Apprehension forensic scientist testified that while the seal on the evidence bag had been broken, the opening was too small to remove an item of clothing.  See State v. Xiong, 2006 WL 696189, at *1.  To establish the chain of custody, the state showed that after the victim's pants were collected, they were stored in the crime lab, taken to the Bureau of Criminal Apprehension, and then removed by the forensic scientist.  Id. at *2.

"Federal courts are not forums in which to relitigate state trials." Barefoot v. Estelle, 463

U.S. 880, 887 (1983). "The admissibility of evidence in a state trial is a matter of state law and ordinarily will not form the basis for federal habeas relief." Clark v. Groose, 16 F.3d 960, 963 (8th Cir. 1994). The admissibility of evidence is reviewable in a habeas proceeding "only when the alleged error infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process." Manning-El v. Wyrick, 738 F.2d 321, 322 (8th Cir. 1984).

Here, Petitioner has not shown an infringement of a specific constitutional right or prejudice amounting to a denial of due process. The record fully supports the trial court's decision that the evidence was not tampered with or substituted, and that the chain of custody was unbroken.

### 4. Whether Petitioner Was Prejudiced by the No-Adverse-Inference Jury Instruction

In his final claim, Petitioner contends that the trial court committed plain error by giving a no-adverse-inference jury instruction without his consent. Petitioner did not testify at his trial, although his co-defendant did. Partly to minimize the contrast between Petitioner's failure to testify and his co-defendant's choice to testify, the trial court instructed the jury to draw no adverse inference from Petitioner's failure to testify. Petitioner did not consent to the instruction.

The question for the Court on federal habeas review is whether the jury instruction "'so infected the entire trial that the resulting conviction violates due process.'" Estelle v. McGuire, 502 U.S. 62, 72 (1991) (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)). The Court must evaluate the instruction in the context of the entire trial record. Id. (quoting Cupp, 414 U.S. at 147). Here, the trial record contains ample evidence implicating Petitioner in the offense of

conviction, namely, the inculpatory testimony of his co-defendant and the DNA evidence. That evidence was far more damaging to Petitioner than any tendency of the jury instruction to draw attention to his failure to testify. The Court concludes that the instruction did not infect the entire trial so as to violate Petitioner's due process, and habeas relief should be denied on this claim.

Based upon all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be **DENIED**; and

2. Petitioner Blong Xiong's Motion for an Extension of Time to File Reply (Doc. No. 9) be **GRANTED**.

Dated: June 26, 2008

　s/ Susan Richard Nelson　
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 11, 2008**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.